# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Rita R. Fisher, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-cv-00690-JPG-PMF |
| ) | |
| LVNV Funding, LLC, a Delaware ) | |
| limited liability company, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Rita R. Fisher, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

3. Plaintiff, Rita R. Fisher ("Fisher"), is a citizen of the State of Illinois, residing in the Southern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to Wal-Mart, but now owed to Defendant LVNV Funding, LLC.

4.     Defendant, LVNV Funding, LLC, ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Illinois.  In fact, LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Fisher.

5.     Defendant LVNV is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect itself or through other debt collectors.

## FACTUAL ALLEGATIONS

6.     Ms. Fisher is an elderly woman, with a heart condition and high blood pressure, who fell behind on paying her bills.  One such debt she was unable to pay was a debt she originally owed to Wal-Mart.  Accordingly, Ms. Fisher sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), regarding her financial difficulties.

7.     Via a letter dated June 11, 2007, Redline Recovery Services, LLC ("Redline"), a debt collection agency working for Defendant LVNV, sent Ms. Fisher an initial collection letter demanding payment of the Wal-Mart debt that was now allegedly owed to Defendant LVNV.  A copy of this collection letter is attached as Exhibit A.

8.     Accordingly, on July 3, 2007, her LASPD attorney wrote a letter to LVNV's agent, Redline, advising LVNV and Redline that LASPD represented Ms. Fisher,

directing them to cease contacting Ms. Fisher, and requesting that they cease all further collection activities. A copy of this letter is attached as Exhibit B.

9. Disregarding this notice, LVNV's agent sent Ms. Fisher two more form collection letters, dated July 19, 2007 and August 1, 2007, demanding payment of the Wal-Mart debt. Copies of these additional collection letters are attached as Exhibits C and D, respectively.

10. Accordingly, Ms. Fisher's LASPD attorney sent LVNV's agent another letter, dated August 8, 2007, again directing them to cease communicating directly with Ms. Fisher. A copy of this letter is attached as Exhibit E.

11. Nonetheless, despite the prior notices to LVNV's agent that Ms. Fisher was represented by counsel, Defendant LVNV hired yet another collection agency, National Action Financial Services, Inc., who on September 11, 2007 directly sent to Ms. Fisher an initial collection letter demanding payment of the Wal-Mart debt. A copy of this letter is attached as Exhibit F.

12. All of the collection actions at issue occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

16. Defendant LVNV knew that Ms. Fisher was represented by counsel in connection with this debt because her attorneys had informed Defendant LVNV, through its agent Redline, numerous times in writing, that she was represented by counsel as to this debt and that they should cease directly communicating with her.  By hiring yet another collection agency -- which then sent the September 11, 2007 letter directly to Ms. Fisher -- despite being advised that Ms. Fisher was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

17. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Collections After Direction To Cease**
**Communications And A Refusal To Pay**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  Here, the letter (Exhibit B) from Ms. Fisher's LASPD attorney told Defendant LVNV, through its agent Reline, to cease communications and that she

4

refused to pay the debt.  By continuing to communicate regarding this debt, and demanding payment, Defendant violated § 1692c(c) of the FDCPA

20. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Rita R. Fisher, prays that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Fisher, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rita R. Fisher, demands trial by jury.

Rita R. Fisher,

By: /s/ David J. Philipps  
One of Plaintiff's Attorneys

Dated:  October 1, 2007

David J. Philipps  
Bonnie C. Dragotto  
Philipps & Philipps, Ltd.  
9760 S. Roberts Road  
Suite One  
Palos Hills, Illinois 60465  
(708) 974-2900  
(708) 974-2907 (FAX)

5